IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

DENISE BONFILIO,

    Defendant.

Criminal Action No. 09-205

**MEMORANDUM OPINION**

On December 5, 2016, defendant Denise Bonfilio ("defendant" or "Bonfilio") filed a motion for an order directing preparation of a new pre-sentence investigation report. (ECF No. 286.) Defendant claims that because the Third Circuit Court of Appeals remanded her restitution order to clarify that her restitution obligations are joint and several with co-defendant Deborah Kitay ("Kitay"), she is entitled to a full sentencing hearing. (Id.) Defendant requests that at this hearing the court apply commentary from the United States Sentencing Guidelines clarifying the "sophisticated means" enhancement in U.S.S.G § 2B1.1(b)(10) [1] and refining the definition of "intended loss" in U.S.S.G. § 2B1.1 cmt. n.3(A)(ii). [2] (Id.)

The court of appeals' directive to this court on remand was specific and limited. In United States v. Bonfilio, 611 F. App'x 758 (3d Cir. 2015), the Third Circuit Court of Appeals stated that

---

[1] While defendant cites to U.S.S.G. § 2B1.1(b)(1)(C) in her brief it appears that she intended to reference the sophisticated means enhancement addressed in U.S.S.G. § 2B1.1(b)(10).
[2] While defendant cites to U.S.S.G § 2D1.1(b)(1) in her brief it appears that she intended to reference the intended loss definition set forth in U.S.S.G. § 2B1.1 cmt. n.3(A)(ii).

1

they "accept the District Court's invitation to remand its restitution order to allow it to clarify that Bonfilio and Kitay's restitution obligations are joint and several." 611 F. App'x at 760–61.

Upon remand, "a trial court must implement both the letter and spirit of the [appellate court's] mandate, taking into account the appellate court's opinion and the circumstances it embraces." Bankers Trust Co. v. Bethlehem Steel Corp., 761 F.2d 943, 949 (3d Cir.1985). The district court has a duty to faithfully execute the mandate imposed by the court of appeals, and "the Supreme Court has 'consistently held that an inferior court has no power or authority to deviate from the mandate issued by an appellate court.'" United States v. Kennedy, 682 F.3d 244, 252 (3d Cir. 2012) (quoting Briggs v. Pa. R. Co., 334 U.S. 304, 306 (1948)).

A similar issue was presented in Casey v. Planned Parenthood of Southeastern Pennsylvania, 14 F.3d 848, 860 (3d Cir. 1994). In Casey, the Supreme Court had reversed the lower court's decision in part and "remanded for proceedings consistent with this opinion, including consideration of the question of severability." Casey, 14 F.3d at 852. On remand, the district court reopened the record and permitted the parties to introduce new evidence. Id. On appeal, the Third Circuit Court of Appeals held that the district court exceeded the Supreme Court's mandate, stating:

> What is significant is that the Supreme Court singled out only one issue to be considered on remand—severability. This directive, taken together with the language of the body of the opinion, can only mean that the Court did not intend the lower courts to consider additional issues or to undertake proceedings other than routine, ministerial ones necessary to carrying out its mandate, such as vacating the injunction and entering judgment. We believe the Supreme Court meant what it said when it remanded "for proceedings consistent with this

opinion," and then expressly instructed consideration on remand of one issue it had not decided.

Id. at 860. The Third Circuit Court of Appeals has applied this reasoning in the criminal context. United States v. Crim, 553 F. App'x 170, 173 (3d Cir.), cert. denied, 134 S. Ct. 2851 (2014); *see* United States v. Fisher, 219 F. App'x 142, 144 (3d Cir. 2007) (finding that the district court properly implemented the appellate court's mandate when, on remand, the district court refused to reopen defendant's sentencing hearing and instead limited its order to establishing a payment schedule for restitution, as ordered by the appellate court).

In Bonfilio's case, the Third Circuit Court of Appeals ordered this court to clarify that the restitution order imposed on defendant was to be joint and several with her co-defendant, Kitay. *See* Bonfilio, 611 F. App'x at 760–61. Like in Casey, the remand issued by the appellate court in defendant's case involves a discrete issue and mandate. In defendant's case, the Third Circuit Court of Appeals provided explicit instructions about the scope of this court's decision upon remand – namely, that this court should *clarify* that defendant's restitution order is joint and severable with Kitay's restitution order. The court is instructed by precedential case law not to undertake a full sentencing hearing as requested in defendant's motion, and reopening the sentencing hearing would deviate from the appellate court's clear and limited mandate to this court. The court, therefore, will deny defendant's motion for a new sentencing hearing and pre-sentence investigation report as granting this motion would exceed the appellate court's mandate.

3

While this court need not examine the validity of defendant's arguments about the guidelines given that the appellate court remanded this case only for the limited purpose of clarifying that defendant's restitution order is joint and severable, it is worth noting that even if this court were to reopen defendant's sentencing hearing with respect to her restitution order or her sentence more broadly, there is no reason to believe that such a hearing would result in a different sentence. Neither of the objections defendant raised relates to restitution, the only matter at issue in the appellate court's remand. Defendant raised objections with respect to the "sophisticated means" enhancement in U.S.S.G § 2B1.1(b)(10) and "intended loss" under U.S.S.G. § 2B1.1 cmt. n.3(A)(ii). The "sophisticated means" enhancement involved a two-level enhancement to defendant's base offense level, while the court's "intended loss" determination was a part of the court's total loss calculation, which resulted in a 16-level increase to defendant's base offense level. Both of these determinations involved defendant's term of imprisonment guidelines, and were in no way related to the restitution order at issue in the appellate court's remand.[3]

---

[3] Were this court to reopen not only defendant's restitution order, but her entire sentence, there would be no change in defendant's sentencing guidelines with respect to her term of imprisonment. Defendant argues that this court should conduct a new sentencing hearing wherein " the advisory United States Sentencing Guidelines now in place that include commentary that clarify the sophisticated means enhancement of U.S.S.G. § 2B1.1(b)(1)(C) [sic] should be applied." (ECF No. 286.) The court applied the sophisticated means enhancement at defendant's original sentencing hearing after determining that there was "more than sufficient" evidence on the record to prove that defendant repeatedly engaged in illegal schemes, which required sophisticated means such as acquiring fraudulent appraisals and values. (ECF No. 225 at 106–107); *see* (ECF No. 200 ¶ 19.) Defendant appears to be arguing that after the court made this determination the United States Sentencing Commission revised its commentary on the sophisticated means enhancement in a way that would benefit defendant. Based upon the court's examination, the current version of this commentary appears identical to the commentary in place at the time of

Because ordering a new sentencing hearing and pre-sentence investigation report would exceed the appellate court's mandate, the court will deny defendant's motion. An appropriate order will be entered.

Dated: December 9, 2016

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

---

defendant's sentencing, except that the phrase "sophisticated means" is now in bold-faced type. *Compare* U.S.S.G. § 2B1.1 cmt. n.9(b)(2013), *with* U.S.S.G. § 2B1.1 cmt. n.9(b)(2015) & U.S.S.G. § 2B1.1 cmt. n.9(b)(2016). This court can find no basis for defendant's claim that the court should reopen her sentencing in order to apply the sentencing commentary "now is place," as the language "now in place" is identical to the language relied upon by the court at defendant's original sentencing hearing.

There is also no basis for reopening defendant's sentence in order to apply the guidelines' new definition of "intended loss." While the Sentencing Commission did make minor changes to the definition of "intended loss" after defendant's sentencing, which would not likely change this court's analysis, these changes would have no practical effect on her sentence, as the enhancement imposed by the court as a result of the loss related to defendant's conduct was not dependent on the court's findings with respect to intended loss. At sentencing, the court determined that defendant's conduct resulted in a loss of $2,324,548.86. (ECF No. 225 at 81.) This loss included both actual loss ($2,024,548.86) and intended loss ($300,000). Because this combined amount was greater than $1,000,000 and less than $2,500,000, this loss increased defendants base offense level by 16 levels, pursuant to U.S.S.G § 2D1.1(b)(1)(I). (Id.) While defendant objected to the amount of intended loss, the court noted at sentencing that even absent the intended loss, defendant's total loss was well above the $1,000,000 minimum, and that consequently the $300,000 intended loss did not affect her guideline range. (Id.) Even were defendant able to show that under the new definition of intended loss she is not accountable for any intended loss whatsoever, such a finding would not affect her guideline range, because the actual loss attributable to her would still be above the $1,000,000 minimum required for the 16-level enhancement under U.S.S.G § 2D1.1(b)(1)(I). Thus, the revisions to intended loss in the sentencing guidelines would not affect her guideline range for the term of imprisonment.

5