IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>)<br>) Criminal Action No. 09-205 |
| v. | )<br>) |
| DENISE BONFILIO, | )<br>) |
| Defendant. | )<br>) |

# MEMORANDUM OPINION

**CONTI, Chief District Judge.**

Pending before the court is a motion for reconsideration filed by defendant Denise Bonfilio ("defendant" or "Bonfilio").[1] (ECF No. 291.) On December 29, 2016, the government filed a response to defendant's motion for reconsideration. (ECF No. 293.) As set forth below, the court finds that defendant did not meet the standards for granting a motion for reconsideration and defendant's motion for reconsideration is, therefore, denied.

## I. Background

On December 5, 2016, defendant filed a motion for an order directing preparation of a new pre-sentence investigation report (hereinafter "sentencing motion"). (ECF No. 286.)

---

[1] Defendant filed this motion *pro se* despite the fact that she has been provided with legal representation for the outstanding sentencing issues. In order to expedite this matter, the court will address the issues defendant raises in her *pro se* motion. The court, however, will follow normal protocols and deny without prejudice any future *pro se* motions which defendant files regarding matters for which she has legal counsel.

1

Defendant claimed that because the Third Circuit Court of Appeals remanded her restitution order to clarify that her restitution obligations are joint and several with co-defendant Deborah Kitay ("Kitay"), she is entitled to a new pretrial investigation report and a resentencing on all elements of her sentence. (Id.) Defendant further requested that during the course of this re-sentencing the court apply the updated version of the United States Sentencing Guidelines, rather than the version of the guidelines utilized during her original sentencing.

On December 9, 2016, this court issued a Memorandum Opinion and Order denying defendant's sentencing motion. (ECF Nos. 288, 289.) The court denied defendant's motion on the ground that the Third Circuit Court of Appeals issued a specific mandate – namely, that the district court should *clarify* that defendant's restitution order is joint and several – and that to reopen defendant's sentence, either by reexamining the amount of restitution owed or the prison sentence imposed, would impermissibly exceed the appellate court's mandate. While this court noted that there is no reason to believe that changes to the Sentencing Guidelines would affect defendant's sentence, the court based its denial of defendant's sentencing motion solely on the ground that granting defendant's motion would require this court to deviate from the appellate court's mandate, and that this court has no authority to act beyond the scope of the appellate court's remand.[2]

On December 22, 2016, defendant filed a motion *pro se* for reconsideration of her sentencing motion. (ECF No. 291.) On December 29, 2016, the government filed a response to

---

[2] (ECF 288) ("*While this court need not examine the validity of defendant's arguments about the guidelines given that the appellate court remanded this case only for the limited purpose of clarifying that defendant's restitution order is joint and severable*, it is worth noting that even if this court were to reopen defendant's sentencing hearing with respect to her restitution order or her sentence more broadly, there is no reason to believe that such a hearing would result in a different sentence.") (emphasis added)

2

defendant's motion for reconsideration. (ECF No. 293.) The motion is now fully briefed and ripe for disposition.

**II. Legal Standards Applicable to Motions for Reconsideration**

The purpose of a motion to reconsider is "to correct manifest errors of law or fact or to present newly discovered evidence." Bootay v. KBR, Inc., 437 F.App'x 140, 146-47 (3d Cir. 2011) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). Though not explicitly provided for in the Federal Rules of Criminal Procedure, "motions for reconsideration may be filed in criminal cases." United States v. Fiorelli, 337 F.3d 282, 286 (3d Cir. 2003). Courts apply the same standards to motions for reconsideration filed in the criminal cases as those used in the civil context. United States v. Lawrence, Civ. Action No. 3:13-41, 2015 WL 9027037, at *8 (W.D. Pa. Dec. 15, 2015); United States v. Torres-Moreno, 28 F. Supp. 3d 136, 137 (D.P.R. 2014); United States v. Korbe, Crim. Action No. 2:09-05, 2010 WL 2891509, at *1 (W.D. Pa. July 21, 2010); United States v. Croce, 355 F. Supp. 2d 774, 775 n.1 (E.D. Pa. 2005).

In order to be successful on a motion for reconsideration, the movant must demonstrate a "definite and firm conviction that a mistake has been committed," or that the court overlooked arguments that were previously made. United States v. Jasin, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003). There are three circumstances in which a court may grant a motion for reconsideration: (1) there has been an intervening change in the law; (2) new evidence is now available that was not available when the court entered judgment; or (3) there is a need to correct a clear error of law or fact, or to prevent manifest injustice. Fed. R. Civ. P. 59(e); Allah v. Ricci, 532 F.App'x 48, 51 (3d Cir. 2013) (citing Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)); Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA

3

Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). By reason of the interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted. *See* Rottmund v. Cont'l Assurance Co., 813 F.Supp. 1104, 1107 (E.D. Pa. 1992).

Motions for reconsideration are not designed to provide litigants with a "second bite at the apple." Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995). A motion for reconsideration is not to be used to relitigate, or "rehash," issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made. Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998); Reich v. Compton, 834 F.Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995); Keyes v. Nat'l R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D. Pa. 1991). A motion for reconsideration is not to be used as a way to advance additional arguments that the litigant could have made, but chose not to make, sooner, or as an opportunity for a litigant, having lost, to change theories of the case and advance new, often contradictory, evidence in support. Bell v. City of Phila., 275 F.App'x 157, 160 (3d Cir. 2008); Spence v. City of Phila., 147 F.App'x 289, 291-92 (3d Cir. 2005); Bhatnagar, 52 F.3d at 1231; Trenton v. Scott Paper Co., 832 F.2d 806, 810 (3d Cir. 1987); Miller v. Court of Common Pleas of Erie Cnty., No. 12-206, 2014 WL 108585, at *2 (W.D. Pa. Jan. 10, 2014).

### III. Discussion

Defendant requests that this court reconsider the rulings it made in the memorandum opinion and order it issued on December 9, 2016. (ECF Nos. 288, 289.) Defendant argues that she has a right to be resentenced under the updated Sentencing Guidelines and she takes issue

with the court's conclusion that it is unlikely that defendant's restitution or prison sentence would be affected by the new Sentencing Guidelines.

First, Bonfilio's motion for reconsideration consists essentially of a contention that the court reached the wrong decision when it determined that the changes made to the Sentencing Guidelines would not affect her sentence. While the court disagrees with defendant's contention and her underlying arguments, the court need not reach the merits of this claim. Defendant does not raise an appropriate ground for reconsideration, because the court's decision did not rest on the claim she raises in her motion for reconsideration. As the court made clear in its opinion, the court denied defendant's sentencing motion because the court has no power to reopen defendant's case on remand for a purpose beyond the limited mandate outlined by the court of appeals. A district court "'has no power or authority to deviate from the mandate issued by an appellate court,'" United States v. Kennedy, 682 F.3d 244, 252 (3d Cir. 2012) (quoting Briggs v. Pa. R. Co., 334 U.S. 304, 306 (1948)), and, in this case, the Third Circuit Court of Appeals issued a clear and limited instruction, "to clarify that Bonfilio and Kitay's restitution obligations are joint and several." United States v. Bonfilio, 611 F. App'x 758 (3d Cir. 2015).

The court denied defendant's request for a new presentence investigation report and sentencing hearing because this request exceeded the scope of the appellate court's mandate. Nowhere in her motion for reconsideration does defendant show or even contend that this determination was a "manifest error of law or fact." Because defendant has not shown that the court's basis for denying her motion constitutes a clear error of law or fact that must be remedied to prevent a manifest injustice, the court need not reconsider its decision to deny her sentencing motion.

Additionally, defendant's argument that defense counsel "mischaracterized [her] position and did not adequately represent [her] opinion or state the correct legal issues or case law when he put forth the motion," is not an appropriate ground for reconsideration. While defendant may have preferred that defense counsel characterize her legal argument differently, a motion for reconsideration is not to be used in order to present new or different arguments which the moving party could have made earlier. Bell, 275 F.App'x at 160; Spence, 147 F.App'x 289 at 291-92; Bhatnagar, 52 F.3d at 1231; Trenton, 832 F.2d at 810; Miller, 2014 WL 108585, at *2. Defendant's desire to modify the legal argument put forth by her counsel does not satisfy the standards applicable to motions for reconsideration.

## IV. Conclusion

District courts should grant motions for reconsideration sparingly. Rottmund, 813 F.Supp. at 1107. Here, the defendant did not show that there has been an intervening change in the law since this court issued its ruling; she has not provided previously unavailable evidence; and she has not shown that there is a need to correct a clear error of law or fact, or to prevent a manifest injustice. Defendant has not met the standards for granting a motion for reconsideration, and her motion for reconsideration will be denied.

An appropriate order will be entered.

Dated: January 12, 2017 /s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge