IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **DENISE BONFILIO,** | ) ) ) ) ) | |
| Petitioner, | ) ) | CIVIL NO. 15-1015 |
| v. | ) ) | (CRIMINAL NO. 09-205) |
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| Respondent. | ) ) ) | |

## MEMORANDUM OPINION

Petitioner Denise Bonfilio ("Bonfilio" or "Petitioner") filed a motion to reopen 28 U.S.C. § 2255 proceedings under Rule 60(b). (ECF No. 309.)[1] The government filed a response in opposition to the motion (ECF No. 316) and Bonfilio filed a reply brief (ECF No. 325). The motion is ripe for decision.

### I. BACKGROUND

The background is set forth more fully in the court's October 20, 2016 memorandum opinion denying Bonfilio's original § 2255 motion (ECF No. 277). On June 23, 2009, a federal grand jury returned a nine-count indictment charging Bonfilio with eight counts of wire fraud pursuant to 18 U.S.C. § 1343 and one count of money laundering conspiracy, pursuant to 18 U.S.C. § 1956(h) (ECF No. 1). These charges arose from Bonfilio's participation in a mortgage-

---

[1] The docket references ("ECF No.") in this opinion are references to the docket in the criminal case, Criminal No. 09-205.

1

fraud scheme, whereby she recruited a number of co-conspirators *inter alia* to submit false mortgage applications and sales agreements, acquire inflated appraisals, and execute false settlement statements. Many of Bonfilio's coconspirators pleaded guilty to related charges, including Bonfilio's life partner, Deborah Kitay ("Kitay") (09-CR-172), and two of her mortgage brokers, David McCloskey ("McCloskey") (09-CR-225) and Jay Berger ("Berger") (09-CR-283). On September 24, 2012, a jury convicted Bonfilio on all counts. The court commented that the government's case against Bonfilio was overwhelming (ECF No. 225 at 130) ("I did hear the testimony at trial, and it was overwhelming in terms of what your role was and what your involvement was"). On January 24, 2014, the court sentenced Bonfilio to 120 months of imprisonment at each count of the indictment, to be served concurrently; three years of supervised release at each count, to be served concurrently; and $2,024,548.86 in restitution.[2]

On August 4, 2015, Bonfilio filed a timely *pro se* motion to vacate her sentence under 28 U.S.C. § 2255. (ECF No. 249.) On March 14, 2016, Bonfilio filed an addendum to her § 2255 motion through counsel.[3] (ECF No. 266.) Bonfilio asked the court to vacate her sentence on numerous grounds, including (as relevant to the pending motion) whether the government violated her due process rights under Brady v. Maryland, 387 U.S. 83 (1963) ("Brady"), by failing to inform her before trial about an alleged agreement it had with Kitay to file a Rule 35(b) motion; and violated her rights under Napue v. Illinois, 360 U.S. 264 (1959) ("Napue"), by failing to correct Kitay's allegedly false testimony denying the existence of such an agreement

---

[2] On May 28, 2015, the United States Court of Appeals for the Third Circuit affirmed her conviction and remanded to "clarify that Bonfilio and [Deborah] Kitay's restitution obligations are joint and several." United States v. Bonfilio, 611 F. App'x 758, 759 (3d Cir. 2015).
[3] Bonfilio filed two *pro se* "supplemental responses" related to her § 2255 motion (ECF Nos. 269, 270), which the court also considered.

2

during the trial. (ECF No. 249 at 2.) The court rejected Bonfilio's arguments after an extensive analysis (ECF No. 277 at 6-16), and denied a certificate of appealability.

Bonfilio requested a certificate of appealability from the court of appeals, which rejected her request, noting that she failed to make a substantial showing of prejudice on the prosecutorial misconduct claim or that any of the alleged non-disclosures were material. (ECF No. 302). The court of appeals stated that the files and records of the case show conclusively that Bonfilio is not entitled to relief. Id. Bonfilio filed a petition for rehearing, which was denied on March 13, 2017. Bonfilio then filed the pending motion under Rule 60(b).

**II. Standard of Review**

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment, and request reopening of her case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Rule 60(b)(6) is a catchall provision which permits reopening when the movant shows "any other reason that justifies relief" beyond the more specific circumstances set out in Rules 60(b)(1)-(5). Gonzalez v. Crosby, 545 U.S. 524, 528–29 (2005). Rule 60(b) motions are narrowly construed. The motion must "be made within a reasonable time" and the more specific 1-year deadline for asserting three of the most open-ended grounds of relief (excusable neglect, newly discovered evidence, and fraud); the movant must show "extraordinary circumstances" justifying the reopening of a final judgment; and they are subject to only limited and deferential appellate review. Id. Such circumstances will rarely occur in the habeas context. Id.

Litigants are not permitted to use Rule 60(b) to evade the limits on second or successive habeas petitions enacted in the the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, (1) any claim that has already been adjudicated in a previous

3

petition must be dismissed, § 2244(b)(1); (2) any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence, § 2244(b)(2); and (3) before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3). Gonzalez, 545 U.S. at 530. Courts must carefully scrutinize the substance of the motion because "even claims couched in the language of a true Rule 60(b) motion" may circumvent AEDPA's limits. Id. at 531. A Rule 60(b) will be cognizable only if it attacks some defect in the integrity of the federal habeas proceedings, not the substance of the federal court's resolution of a claim on the merits. Id. at 532.

In United States v. Donahue, 733 F. App'x 600, 602–03 (3d Cir. 2018), the court of appeals explained that district courts have jurisdiction to consider a Rule 60 motion "only if it [is] a true Rule 60 motion, and not an attempt to circumvent the requirements for filing a new § 2255 motion." A Rule 60 motion may be adjudicated if its factual predicate attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction." Id. By contrast, a "motion presenting new evidence in support of a claim already litigated" is "in substance a successive habeas petition and should be treated accordingly." Id. & n.3 (citing Gonzalez, 545 U.S. at 531 and noting that the reasoning of Gonzalez applies to § 2255 cases).

**III. Discussion**

Bonfilio's motion uses the language of a "true" Rule 60(b) motion. She argues that she: (1) challenges only procedural rulings which precluded a merits determination of the habeas

4

application; and (2) challenges a defect in the integrity of the habeas proceeding. (ECF No. 309 at 3).

The substance of Bonfilio's Rule 60 motion, however, involves her underlying conviction. She attempts to show that the prosecutor engaged in misconduct by failing to disclose a tacit agreement to give Kitay a Rule 35(b) motion in exchange for her testimony, failing to turn over Berger's 5K1.1 motion, and other Brady/Giglio/Jencks/Napue violations. (ECF No. 309 at 16-17). Bonfilio's asserted new evidence is the court's opinion in United States v. Kubini, Criminal No. 11-14,[4] which discussed misconduct by the same prosecutor in failing to disclose evidence in a different case.

This alleged prosecutorial misconduct did not occur during the § 2255 proceeding – it occurred during the underlying criminal prosecution and sentencing. *See, e.g.,* ECF No. 309 at 22 ("Movant's trial was unfair without these disclosures, and the Movant was severely harmed by the additional sentencing enhancements"). Bonfilio does not point to distinct prosecutorial misconduct that infected the integrity of the § 2255 proceedings.

Bonfilio raised similar prosecutorial misconduct claims during her original § 2255 motion and the court denied them on the merits. (ECF No. 277 at 6-16). Although the decision regarding prosecutorial misconduct in the Kubini case was not issued until June 14, 2017, United States v. Kubini, No. 11-14, 2017 WL 2573872 (W.D. Pa. June 14, 2017), allegations of Brady and Jencks violations by the prosecutor were raised in Kubini before the court denied Bonfilio's original § 2255 motion. *See* Kubini, 19 F.Supp.3d 529, 626-28 (W.D. Pa. May 13, 2014), a decision which the court discussed in its opinion. (ECF No. 277 at 40-42). Simply put, Bonfilio

---

[4] Bonfilio refers to this as the "Smith" case, presumably because one of the co-defendants is Arthur Smith.

does not point to any "new evidence" to support a Rule 60(b) motion – she points only to a subsequent legal decision about the prosecutor's conduct in a different case.

In Donahue, the petitioner argued that he had new evidence to support his claims of prosecutorial misconduct and Brady violations and couched his motion as a fraud on the court during the § 2255 proceeding within the scope of a true Rule 60(b) motion. 733 F. App'x at 602. The court rejected this argument, explaining that "regardless of how Donahue labeled his motion, it was in fact an unauthorized second or successive § 2255 motion over which the Court lacked jurisdiction." Id. The alleged violations "concerned Donahue's challenge to his conviction and did not support a claim that the government had committed fraud in its § 2255 response." Id. at n. 4. In United States v. Morgan, Crim. No. 12-23, 2018 WL 3618251 (E.D. Pa. July 27, 2018), the petitioner filed a Rule 60(b) motion arguing that the prosecution secured his conviction by engaging in misconduct because it failed to disclose all evidence to the court and secured his conviction by engaging in fraud and misconduct. The court recognized that the motion was "in the guise of a true Rule 60(b) motion," but held that it lacked jurisdiction to consider it because it was "in essence an unauthorized successive § 2255 motion." Id. at *4. The court explained that the petitioner's arguments attacked his underlying conviction rather than a procedural defect in a prior habeas proceeding. Id. at *5.

The analysis in Donahue and Morgan applies with equal force to this case. Although Bonfilio uses the verbiage of a "true Rule 60(b) motion," the substance of her arguments concerns alleged prosecutorial misconduct involving her conviction and sentence. Those arguments were previously considered by the court in her original § 2255 motion. In actuality, Bonfilio's instant motion is an attempt to evade the restrictions on successive § 2255 motions. Because the court of appeals did not certify that Bonfilio may file the instant second or

6

successive § 2255 motion, this court does not have jurisdiction to consider it. Donahue, 733 F. App'x at 602-03; Morgan, 2018 WL 3618251 at *5.

IV.    **Certificate of Appealability**

As explained above, although captioned as a Rule 60(b) motion, Bonfilio's motion is in reality a successive § 2255 motion. When a district court issues a final order denying a § 2255 motion, the court must also make a determination about whether a certificate of appealability ("COA") should issue or the clerk of the court of appeals shall remand the case to the district court for a prompt determination about whether a certificate should issue. See 3rd Cir. LAR. 22.2.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the Petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Based upon the motion, files and records this instant case, and for the reasons set forth herein, Petitioner did not show a denial of her constitutional rights. A COA will not issue.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge

Date: April 24, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENISE BONFILIO,** | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) CIVIL NO. 15-1015<br>) (CRIMINAL NO. 09-205)<br>) |
| **UNITED STATES OF AMERICA,** | )<br>) |
| Respondent. | )<br>)<br>) |

## ORDER

AND NOW, this 24th day of April, 2019, in accordance with the memorandum opinion, the motion to reopen 28 U.S.C. § 2255 proceedings under Rule 60(b) (ECF No. 309) filed by petitioner Denise Bonfilio is DENIED. IT IS FURTHER ORDERED that no certificate of appealability shall issue.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge